IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KELLER NORTH AMERICA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:24-cv-01271 |
| v. | ) JUDGE TRAUGER |
| | ) |
| JUSTIN MCLAUGHLIN, | ) |
| | ) |
| Defendant. | ) |

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

Plaintiff Keller North America, Inc. ("Keller" or "Plaintiff") and Defendant, Justin McLaughlin ("McLaughlin") agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a confidentiality and protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because discovery is anticipated to include, subject to discovery and relevance standards, the dissemination of confidential customer information and/or trade secrets of Keller and McLaughlin's employer, Berkel & Company Contractors, Inc. ("Berkel"); sensitive, confidential, and proprietary business records pertaining to Keller and Berkel's business and business operations; and dissemination of other confidential, sensitive, and personal employment, personnel, human resources, financial, educational, business, and/or tax records pertaining to the parties and to other third parties not involved in this litigation, such as, but not limited to, internal emails, policies, memoranda, and correspondence. Due to the

allegations made in this case, relevant documents may include business records for which efforts are made to maintain their confidentiality and to preclude dissemination outside of the parties' respective organizations. The dissemination of these documents outside of this litigation could result in annoyance and embarrassment to the individuals involved in or who are the subject of the confidential business communications and will cause competitive injury to the business if competitors were apprised of such information including but not limited to employee compensation, customer leads and information, business strategies and processes, profitability, and business trends. Therefore, the parties desire to memorialize a framework regarding the disclosure of trade secret, confidential, and/or proprietary discovery materials that are produced in connection with this matter.

For good cause shown under Fed. R. Civ. P. 26(c), the Court enters the following Protective Order:

**1.     Scope.**  All documents and materials produced in discovery, including expedited discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential and AEO Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.     Definition of Confidential Information and Attorneys' Eyes Only.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For

2

purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

(a) Personnel-related records and/or human resources files concerning McLaughlin;

(b) Salary and/or benefits information relating to McLaughlin;

(c) Keller's policies, internal communications, and other confidential business records;

(d) Berkel's policies, internal communications, and other confidential business records;

(e) Communications between McLaughlin and third parties;

(f) Non-public business records, the disclosure of which could result in competitive or economic harm to Keller or Berkel or invade the privacy of Keller's or Berkel's customers or the parties' other business relationships. Such business records include, but are not limited to, customer lists or other documents that provide customer identifying information or customer contact information; documents that reflect the pricing of services or means and methods of obtaining customers; proprietary business records or other proprietary information; technological information unique to the parties; and documents reflecting business strategy, marketing plans and information;

(g) Financial statements and records;

(h) Trade secrets and other proprietary information, including but not limited to, information on current and prospective customers, bid lists and related materials, proprietary project management systems, pricing and profit margins, and sales and marketing techniques;

(i) Personal identifiers, including but not limited to social security numbers, drivers' license numbers, and dates of birth;

(j) Records for which disclosure is restricted or prohibited by statute; and

(k) Written or electronic communication, including but not limited to internal company emails, discussing, or referencing information related to the categories above.

Information or documents that are available to the public may not be designated as Confidential Information.

"Attorneys' Eyes Only" is defined as confidential documents that contain highly sensitive trade secrets or other highly sensitive competitive or confidential information, disclosure of which to another party would result in demonstrable harm to the disclosing party. "Attorneys' Eyes Only" documents may be marked "AEO."

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential or AEO Information and therefore subject to protection under this Order by marking or placing the words **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** or "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" or "**CONFIDENTIAL – AEO**" or "**CONFIDENTIAL**" or "**ATTORNEYS' EYES ONLY**" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or AEO Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or AEO Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential or AEO Information.

Designated Confidential or AEO Information shall be marked with an Exhibit Number or by a sequential Bates Numbering System.

4.  **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential or AEO Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovering the inadvertent failure. Upon receipt of such notice, counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Order.

5.  **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.  **Protection of Confidential Material.**

    **(a)  General Protections.** Designated Confidential or AEO Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    **(b)  Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" may only be disclosed to the following persons:

    (1) The parties, including their employees, agents, and representatives (except for AEO Information);

    (2) Counsel for the parties and their employees and agents;

    (3) The court and court personnel, including any special master appointed by the court, and members of the jury;

    (4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c) Who May View Designated Attorneys' Eyes-Only Information.** Except with the prior written consent of the designating party or prior order of the court, designated Protected Information marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" may only be exhibited or disclosed to the following persons:

(1) the Court, or any Court personnel, including any court reporter or typist or videographer recording or transcribing testimony in this action;

(2) Counsel for the parties (including without limitation counsel for all of the parties in this action and in-house counsel for the parties) and their paralegals, law clerks, and clerical staff who are providing active assistance with this action;

(3) Any mediator appointed by the court or jointly selected by the parties;

(4) the author or recipient of the document (not including a person who received the document in the course of the litigation);

(5) independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(6) any expert, consultant, or technical advisor retained or employed by any party for the purposes of this action, provided that said experts, consultants, or technical advisors have executed the certification contained in Attachment A; and

(7) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed the certification contained in Attachment A.

**(d) Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential or AEO Information. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7. Filing Confidential or AEO Information.** A party that seeks to file any document containing Confidential or AEO Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with M.D. Tenn. L.R. 5.03. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested

documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

8. **Challenging a Confidential or AEO Designation.** Any party may challenge the designation of any material or document as Confidential or AEO Information. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention in accordance with M.D. Tenn. L.R.37.01(a). If the parties are unable to resolve the issue they must, in connection with any request for a discovery conference or a discovery motion file a joint discovery dispute statement, which must be filed before any request for a telephonic discovery conference with the Judge is made as required by M.D. Tenn. L.R. 37.01(b). If any party wishes to seek a motion to compel, they must first request a conference call with the Court prior to filing as required by Judge Traugers Practice and Procedure Manual. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential or AEO Information.

9. **Using Confidential or AEO Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential or AEO Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential or AEO Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.     Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)     Returning Confidential Documents.**  Within forty-five (45) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential or AEO Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)     Retaining Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential or AEO Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential or AEO Information.

**11.     Modification.**  This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.     Enforcement.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**13.     No Prior Judicial Determination.**  This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential or AEO Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**14.     Persons Bound.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential or AEO Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.     Protections Extended to Third-Party's Confidential or AEO Information.** The parties agree to extend the provisions of this Protective Order to Confidential or AEO Information produced in this case by third parties, if timely requested by the third party.

**17.     Confidential or AEO Information Subpoenaed or Ordered Produced in Other Litigation.**  A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential or AEO Information must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or

order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or AEO Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential or AEO Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential or AEO Information in its possession, custody, or control.

18. **Disclosure of Confidential or AEO Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential or AEO Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within three (3) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to

11
Case 3:24-cv-01271    Document 24    Filed 03/28/25    Page 11 of 14 PageID #: 114

such later designation will not be deemed a violation of this Order. Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review of documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

**19. Protective Order Not Admission.** By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Further, by producing documents or information pursuant to this Protective Order, such conduct shall not be deemed to operate as an admission by any Party that any designated material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information.

**IT IS SO ORDERED.**

Dated:

_____
United States District Court Judge

**Respectfully submitted and
agreed to by:**


*/s/ Joseph P. Shelton*
Joseph P. Shelton (TN Bar No. 037426)
**FISHER & PHILLIPS LLP**
424 Church Street, Suite 1700
Nashville, TN 37219
Telephone: (615) 488-2900
Facsimile: (615) 488-2928
Email: jshelton@fisherphillips.com

*/s/ Joseph Hubbard*
Joseph Hubbard (TN Bar No. 029226)
**POLSINELLI PC**
501 Commerce Street, Suite 1300
Nashville, TN 37203
Telephone: (615) 252-3940
Facsimile: (615) 259-1573
Email: joseph.hubbard@polsinelli.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **KELLER NORTH AMERICA, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 3:24-cv-01271** |
| v. ) | **JUDGE TRAUGER** |
| ) | |
| **JUSTIN MCLAUGHLIN,** ) | |
| ) | |
| **Defendant.** ) | |

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she/they has read the Protective Order attached hereto and dated _____ in the case captioned *Keller North America, Inc. v. Justin McLaughlin*, Case No. 3:24-cv-01271, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____      _____
                                          Signature